Adrienne SMITH, Plaintiff,

v.

**MIDLAND MORTGAGE, et al. Defendants.**

**Civil Action No. 13-706(EGS)**

United States District Court, District of Columbia.

Signed August 15, 2013

**74**

Adrienne Smith, Washington, DC, pro se.

Bruce Michael Bender, Erica Tiffany Davis Ruth, Axelson, Williamowsky, Bender, & Fishman, P.C., Rockville, MD, for Defendants.

### ORDER

Emmet G. Sullivan, United States District Judge

Plaintiff filed a complaint on May 14, 2013 alleging that defendants were seeking to foreclose on her home. On May 15, 2013, plaintiff filed a motion for a temporary restraining order and for a preliminary injunction, seeking to enjoin the foreclosure of her home. On May 16, 2013, Chief Judge Lamberth denied plaintiff's motion for a temporary restraining order, finding that plaintiff had not alleged that foreclosure proceedings had actually commenced on her home, and thus, plaintiff was unable to establish a likelihood of irreparable harm. The Chief Judge ordered defendants to respond to the motion for a preliminary injunction within seven days of service of plaintiff's motion. In their opposition to plaintiff's motion for a preliminary injunction, filed on June 13, 2013, defendants make several arguments, including that foreclosure proceedings had still not commenced on plaintiff's property.

A plaintiff seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C.Cir.2006). The purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenish*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). It is "an extraordinary and drastic remedy" and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997).

In this Circuit, these four factors have typically been evaluated on a "sliding scale," such that if "the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291–92 (D.C.Cir. 2009). Despite this "sliding scale" approach, the movant must, at a minimum, demonstrate that irreparable injury is *likely* in the absence of an injunction." *Bill Barrett Corp. v. Dep't of Interior*, 601 F.Supp.2d 331, 334–35 (D.D.C.2009) (internal quotation marks and citations omitted). A mere possibility of irreparable harm is not enough, *see Winter v. Natural Resources Defense Council Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), and a court may deny a motion for preliminary relief without considering the other factors when irreparable harm is not es-

tablished. *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297.

■ Here, plaintiff has not alleged that foreclosure proceedings have commenced on her property. Indeed, defendants respond to plaintiff's motion by stating that they have not commenced foreclosure proceedings. Accordingly, plaintiff has failed to establish that any irreparable harm is likely, and the Court will deny plaintiff's motion. Thus, it is hereby

**ORDERED** that plaintiffs' motion for a preliminary injunction is **DENIED**; and it is further

**ORDERED** that defendants shall respond to the complaint by no later than September 6, 2013.

**SO ORDERED.**